APPEAL,CLOSED,TYPE−L

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:20−cv−00782−CKK
*Internal Use Only*

| | |
|---|---|
| WOODS v. DISTRICT OF COLUMBIA et al | Date Filed: 03/20/2020 |
| Assigned to: Judge Colleen Kollar−Kotelly | Date Terminated: 11/02/2020 |
| Demand: $750,000 | Jury Demand: Both |
| Case in other court:  Superior Court for the District of Columbia, 2020 CA 000323 B | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

Cause: 42:1983 Civil Rights Act

**Plaintiff**

**JERMAINE WOODS**  represented by  **Donald Melvin Temple**
LAW OFFICES OF DONALD M. TEMPLE
1310 L Street NW
Suite 750
Washington, DC 20005
(202) 628−1101
Fax: (202) 628−1149
Email: dtemplelaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


V.

**Defendant**

**DISTRICT OF COLUMBIA**  represented by  **Steven Nathan Rubenstein**
OFFICE OF ATTORNEY GENERAL/DC
Civil Litigation Division
400 6th St. NW
Washington, DC 20001
(202) 727−9624
Fax: (202) 741−0592
Email: steven.rubenstein3@dc.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**DANIEL LEO**  represented by  **Steven Nathan Rubenstein**
*Officer*  (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/20/2020 | 1 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF REMOVAL from Superior Court for the District of Columbia, case number 2020 CA 000323 B (Fee Status:Filing Fee Waived) filed by DISTRICT OF COLUMBIA. (Attachments: # 1 Documents from Superior Court, # 2 Civil Cover Sheet)(Rubenstein, Steven) (Entered: 03/20/2020) |
| 03/20/2020 | | | Case assigned to Judge Colleen Kollar–Kotelly. (zmc) (Entered: 03/20/2020) |
| 03/20/2020 | 2 | | NOTICE to Counsel/Party re 1 Notice of Removal (zmc) (Entered: 03/20/2020) |
| 03/23/2020 | | | MINUTE ORDER: The Court has received the 1 Notice of Removal. It appears that Defendants did not answer or otherwise respond to the Complaint before removal. Accordingly, it is ORDERED that Defendants comply with Federal Rule of Civil Procedure 81(c)(2) in calculating the time period for answering or otherwise responding to the Complaint. Signed by Judge Colleen Kollar–Kotelly on March 23, 2020. (lccck1) (Entered: 03/23/2020) |
| 03/26/2020 | 3 | | NOTICE *of Consent* by DANIEL LEO re 1 Notice of Removal, (Rubenstein, Steven) (Entered: 03/26/2020) |
| 03/26/2020 | 4 | | Consent MOTION for Extension of Time to File Answer *Move, or Otherwise Respond to the Complaint* by DISTRICT OF COLUMBIA (Rubenstein, Steven) (Entered: 03/26/2020) |
| 03/26/2020 | | | MINUTE ORDER granting 4 Consent Motion for Extension of Time for Defendant District of Columbia to answer/respond to the Plaintiff's complaint. Answer/Response due by 4/16/2020. Signed by Judge Colleen Kollar–Kotelly on 03/26/2020. (DM) (Entered: 03/26/2020) |
| 04/01/2020 | 5 | | ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR–KOTELLY. Signed by Judge Colleen Kollar–Kotelly on 04/01/2020. (DM) (Entered: 04/01/2020) |
| 04/16/2020 | 6 | | MOTION to Dismiss by DISTRICT OF COLUMBIA, DANIEL LEO (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Statement of Facts)(Rubenstein, Steven). Added MOTION for Partial Summary Judgment on 4/17/2020 (ztd). (Entered: 04/16/2020) |
| 04/20/2020 | | | MINUTE ORDER: The Court has received 6 Defendant's Motion to Dismiss the Complaint, or in the Alternative, for Partial Summary Judgment. Plaintiff shall file any response by no later than **MAY 8, 2020**. Defendant shall file any reply by no later than **APRIL 22, 2020**. Signed by Judge Colleen Kollar–Kotelly on April 20, 2020. (lccck1) (Entered: 04/20/2020) |
| 04/21/2020 | | | MINUTE ORDER: This Minute Order corrects a deadline in the Minute Order dated April 20, 2020. For 6 Defendant's Motion to Dismiss, Plaintiff shall file any response by no later than **MAY 8, 2020** and Defendant shall file any reply by no later than **MAY 22, 2020** (not April 22). Signed by Judge Colleen Kollar–Kotelly on April 21, 2020. (lccck1) (Entered: 04/21/2020) |
| 04/21/2020 | | | Set/Reset Deadlines: Plaintiff's Response to 6 due by 5/8/2020. Defendants' Reply to 6 due by 5/22/2020. (dot) (Entered: 04/21/2020) |
| 05/01/2020 | 7 | | Receipt on 5/1/2020 of ORIGINAL FILE, certified copy of transfer order and docket sheet from Superior Court. Superior Court Number 2020 CA 000323 B. (ztd) (Entered: 05/05/2020) |

| | | | |
|---|---|---|---|
| 05/08/2020 | 8 | | Consent MOTION for Extension of Time to File Response/Reply as to 6 MOTION to Dismiss MOTION for Partial Summary Judgment by Jermaine Woods (Temple, Donald) (Entered: 05/08/2020) |
| 05/12/2020 | | | MINUTE ORDER: The Court has received 8 Plaintiff's Motion for an Enlargement of Time to Oppose Defendants' Motion to Dismiss the Complaint, or in the Alternative, for Partial Summary Judgment until May 22, 2020, due to circumstances stemming from the current COVID−19 pandemic and other circumstances specific to counsel for Plaintiff. Plaintiff indicates that Defendants consent to Plaintiff's request. Although Plaintiff's Motion was not filed four business days before the affected deadline, see ECF No. 5 Order Establishing Procedures for Cases Assigned to Judge Colleen Kollar−Kotelly, for good cause shown and with Defendants' consent, the Court GRANTS the Motion. Plaintiffs opposition shall be due on or before MAY 22, 2020. Defendants reply shall be due on or before JUNE 5, 2020. Signed by Judge Colleen Kollar−Kotelly on May 12, 2020. (lccck1) (Entered: 05/12/2020) |
| 05/12/2020 | | | Set/Reset Deadlines: Plaintiff's Response to 6 due by 5/22/2020. Defendants' Reply to 6 due by 6/5/2020. (dot) (Entered: 05/12/2020) |
| 05/22/2020 | 9 | | RESPONSE re 6 MOTION to Dismiss MOTION for Partial Summary Judgment filed by Jermaine Woods. (Attachments: # 1 Exhibit 1−5)(Temple, Donald) (Entered: 05/22/2020) |
| 06/05/2020 | 10 | | REPLY to opposition to motion re 6 MOTION to Dismiss MOTION for Partial Summary Judgment filed by DISTRICT OF COLUMBIA, DANIEL LEO. (Attachments: # 1 Exhibit 1)(Rubenstein, Steven) (Entered: 06/05/2020) |
| 08/28/2020 | 11 | | NOTICE of Change of Address by Steven Nathan Rubenstein (Rubenstein, Steven) (Entered: 08/28/2020) |
| 11/02/2020 | 12 | | ORDER granting 6 Motion to Dismiss; finding as moot 6 Motion for Partial Summary Judgment. Signed by Judge Colleen Kollar−Kotelly on November 2, 2020. (lcckk1) (Entered: 11/02/2020) |
| 11/02/2020 | 13 | | MEMORANDUM OPINION regarding 12 Order.Signed by Judge Colleen Kollar−Kotelly on November 2, 2020. (lcckk1) (Entered: 11/02/2020) |
| 01/04/2021 | 14 | | MOTION for Reconsideration re 12 Order on Motion to Dismiss, Order on Motion for Partial Summary Judgment, 13 Memorandum & Opinion by Jermaine Woods (Attachments: # 1 Exhibit A&B)(Temple, Donald) (Entered: 01/04/2021) |
| 01/04/2021 | | | MINUTE ORDER: The Court has received Plaintiff's 14 Motion to Reconsider. Defendants shall respond thereto by or before JANUARY 19, 2021, and Plaintiff shall submit any reply brief, by or before JANUARY 26, 2021. Signed by Judge Colleen Kollar−Kotelly on January 4, 2021. (lcckk1) (Entered: 01/04/2021) |
| 01/04/2021 | | | Set/Reset Deadlines: Defendants' Response to 14 due by 1/19/2021. Plaintiff's Reply to 14 due by 1/26/2021. (dot) (Entered: 01/05/2021) |
| 01/19/2021 | 15 | | Memorandum in opposition to re 14 MOTION for Reconsideration re 12 Order on Motion to Dismiss, Order on Motion for Partial Summary Judgment, 13 Memorandum & Opinion filed by DISTRICT OF COLUMBIA, DANIEL LEO. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Rubenstein, Steven) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/19/2021) |
| 01/25/2021 | 16 | | Consent MOTION for Extension of Time to File Response/Reply as to 14 MOTION for Reconsideration re 12 Order on Motion to Dismiss, Order on Motion for Partial Summary Judgment, 13 Memorandum & Opinion by Jermaine Woods. (Temple, Donald) (Entered: 01/25/2021) |
| 01/27/2021 | | | MINUTE ORDER: For good cause shown, the Court hereby GRANTS Plaintiff's 16 Consent Motion for and Extension of Time. Plaintiff shall file his reply by or before FEBRUARY 5, 2021. Signed by Judge Colleen Kollar−Kotelly on January 27, 2021. (lcckk1) (Entered: 01/27/2021) |
| 01/27/2021 | | | Set/Reset Deadlines: Plaintiff's Reply to 14 due by 2/5/2021. (dot) (Entered: 02/01/2021) |
| 02/05/2021 | 17 | | REPLY to opposition to motion re 14 MOTION for Reconsideration re 12 Order on Motion to Dismiss, Order on Motion for Partial Summary Judgment, 13 Memorandum & Opinion filed by Jermaine Woods. (Temple, Donald) (Entered: 02/05/2021) |
| 05/02/2021 | 18 | | MEMORANDUM OPINION & ORDER. Signed by Judge Colleen Kollar−Kotelly on May 2, 2021. (lcckk1) (Entered: 05/02/2021) |
| 05/03/2021 | | | Set/Reset Deadlines: Amended Pleading due by 5/17/2021. (dot) (Entered: 05/03/2021) |
| 05/17/2021 | 19 | | AMENDED COMPLAINT against DANIEL LEO with Jury Demand filed by Jermaine Woods. (Attachments: # 1 Exhibit 1−3)(Temple, Donald) (Entered: 05/17/2021) |
| 06/01/2021 | 20 | | MOTION to Strike 19 Amended Complaint *and Dismiss the Action with Prejudice* by DISTRICT OF COLUMBIA, DANIEL LEO. (Attachments: # 1 Exhibit 1)(Rubenstein, Steven). Added MOTION to Dismiss on 6/2/2021 (zjf). (Entered: 06/01/2021) |
| 06/02/2021 | | | MINUTE ORDER: The Court has received Defendants' 20 Motion to Strike. Plaintiff may file an opposition by or before June 15, 2021. Defendants may reply thereto by or before June 22, 2021. Signed by Judge Colleen Kollar−Kotelly on June 2, 2021. (lcckk1) (Entered: 06/02/2021) |
| 06/02/2021 | | | Set/Reset Deadlines: Plaintiff's Response to 20 due by 6/15/2021. Defendants' Reply to 20 due by 6/22/2021. (dot) (Entered: 06/02/2021) |
| 06/15/2021 | 21 | | MOTION for Leave to File *Amend the Complaint Nunc Pro Tunc* by JERMAINE WOODS. (Attachments: # 1 Exhibit Amended Complaint)(Temple, Donald) (Entered: 06/15/2021) |
| 06/15/2021 | 22 | | Memorandum in opposition to re 20 MOTION to Strike 19 Amended Complaint *and Dismiss the Action with Prejudice* MOTION to Dismiss filed by JERMAINE WOODS. (Temple, Donald) (Entered: 06/15/2021) |
| 06/22/2021 | 23 | | REPLY to opposition to motion re 20 MOTION to Strike 19 Amended Complaint *and Dismiss the Action with Prejudice* MOTION to Dismiss filed by DISTRICT OF COLUMBIA, DANIEL LEO. (Rubenstein, Steven) (Entered: 06/22/2021) |
| 06/29/2021 | 24 | | |

| | | | |
|---|---|---|---|
| | | | Memorandum in opposition to re 21 MOTION for Leave to File *Amend the Complaint Nunc Pro Tunc* filed by DISTRICT OF COLUMBIA, DANIEL LEO. (Rubenstein, Steven) (Entered: 06/29/2021) |
| 07/06/2021 | 25 | | REPLY to opposition to motion re 21 MOTION for Leave to File *Amend the Complaint Nunc Pro Tunc* filed by JERMAINE WOODS. (Temple, Donald) (Entered: 07/06/2021) |
| 10/28/2021 | 26 | | ORDER. Signed by Judge Colleen Kollar–Kotelly on October 28, 2021. (lcckk1) (Entered: 10/28/2021) |
| 10/28/2021 | | | Set/Reset Deadlines: Plaintiff shall file Supplemental Brief by 11/8/2021. (dot) (Entered: 10/28/2021) |
| 11/08/2021 | 27 | | SUPPLEMENTAL MEMORANDUM by JERMAINE WOODS re 20 MOTION to Strike (Temple, Donald) Modified event title and link on 11/9/2021 (znmw). (Entered: 11/08/2021) |
| 03/21/2022 | 28 | | ORDER granting 20 Motion to Strike and Dismiss and denying 21 Motion for Leave to File. An accompanying Memorandum Opinion follows. Signed by Judge Colleen Kollar–Kotelly on March 21, 2022. (lcckk1) Modified to add ruling on 21 on 3/21/2022 (znmw). (Entered: 03/21/2022) |
| 03/21/2022 | 29 | | MEMORANDUM OPINION re 28 Order. Signed by Judge Colleen Kollar–Kotelly on March 21, 2022. (lcckk1) (Entered: 03/21/2022) |
| 04/20/2022 | 30 | | MOTION for Reconsideration re 29 Memorandum & Opinion by JERMAINE WOODS. (Attachments: # 1 Memorandum in Support)(Temple, Donald) (Entered: 04/20/2022) |
| 04/21/2022 | | | MINUTE ORDER: The Court is in receipt of Plaintiff's 30 Motion for Reconsideration. Defendants shall, on or before May 4, 2022, file their opposition to Plaintiff's 30 Motion. Plaintiff shall file his reply in support of his 30 Motion on or before May 11, 2022. Signed by Judge Colleen Kollar–Kotelly on April 21, 2022. (lcckk1) (Entered: 04/21/2022) |
| 04/21/2022 | | | Set/Reset Deadlines: Defendants' Opposition to 30 due by 5/4/2022. Plaintiff's Reply to 30 due by 5/11/2022. (dot) (Entered: 04/21/2022) |
| 05/04/2022 | 31 | | Memorandum in opposition to re 30 MOTION for Reconsideration re 29 Memorandum & Opinion filed by DISTRICT OF COLUMBIA, DANIEL LEO. (Rubenstein, Steven) (Entered: 05/04/2022) |
| 05/11/2022 | 32 | | REPLY to opposition to motion re 30 MOTION for Reconsideration re 29 Memorandum & Opinion filed by JERMAINE WOODS. (Temple, Donald) (Entered: 05/11/2022) |
| 10/26/2022 | | | MINUTE ORDER: Pending before the Court is Plaintiff's 30 Motion for Reconsideration of Court's Order Granting Defendants' Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice and Denying Plaintiff's Motion for Leave to File an Amended Complaint. Upon review of Plaintiff's 32 reply in support thereof, it appears Plaintiff moves the Court for reconsideration solely pursuant to Fed. R. Civ. P. 60(b)(1). Since the completion of briefing on Plaintiff's 30 Motion, the Supreme Court of the United States has appeared to change the law governing the review of such motions. *Kemp v. United States*, 142 S. Ct. 1856 (2022). As such, the parties shall each file |

| | | | |
|---|---|---|---|
| | | | supplemental briefing of no more than ten double−spaced pages addressing the consequences of this precedent *only*. Each party shall file their supplemental briefing on or before **November 16, 2022**. Plaintiff's 30 Motion for Reconsideration of Court's Order Granting Defendants' Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice and Denying Plaintiff's Motion for Leave to File an Amended Complaint is **HELD IN ABEYANCE** pending supplemental briefing. Signed by Judge Colleen Kollar−Kotelly on October 26, 2022. (lcckk1) (Entered: 10/26/2022) |
| 10/26/2022 | | | Set/Reset Deadlines: Parties Supplemental Briefing due by 11/16/2022. (dot) (Entered: 10/27/2022) |
| 11/16/2022 | 33 | | MEMORANDUM re Order,,,,, by DISTRICT OF COLUMBIA, DANIEL LEO. (Rubenstein, Steven) (Entered: 11/16/2022) |
| 11/16/2022 | 34 | | MEMORANDUM re Order,,,,, by JERMAINE WOODS. (Temple, Donald) (Entered: 11/16/2022) |
| 12/29/2022 | 35 | | ORDER denying 30 Motion for Reconsideration. Signed by Judge Colleen Kollar−Kotelly on December 29, 2022. (lcckk1) (Entered: 12/29/2022) |
| 12/29/2022 | 36 | | MEMORANDUM OPINION re 35 Order. Signed by Judge Colleen Kollar−Kotelly on December 29, 2022. (lcckk1) (Entered: 12/29/2022) |
| 01/18/2023 | 37 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 29 Memorandum & Opinion, 36 Memorandum & Opinion by JERMAINE WOODS. Filing fee $ 505, receipt number ADCDC−9793126. Fee Status: Fee Paid. Parties have been notified. (Temple, Donald) (Entered: 01/18/2023) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERMAINE WOODS, ) | |
| ) | Civil Action No. 20-0782 (CKK) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff Jermaine Woods hereby appeals to the Court of Appeals for the United States District Court for the District of Columbia from an Order dated March 21, 2022 granting Defendant's Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice and an Order dated December 29, 2022 denying Plaintiff's Motion for Reconsideration.

          Respectfully submitted,
          DONALD M. TEMPLE, P.C.

By:    /s/<u>Donald M. Temple</u>
        Donald M. Temple, Esq. [408749]
        1310 L Street, NW, Suite 750
        Washington, D.C. 20005
        (202) 628-1101
        (202) 217-2774 fax
        dtemplelaw@gmail.com
        *Attorney for Plaintiff*

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERMAINE WOODS<br><br>      Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>      Defendants. | Civil Action No. 20-0782 (CKK) |

**ORDER**
(December 29, 2022)

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED**, that Plaintiff's [30] Motion for Reconsideration is **DENIED**.

**SO ORDERED**.

**This is a final appealable order.**

Dated: December 29, 2022

          /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

JERMAINE WOODS

  Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.*,

  Defendants.

---

Civil Action No. 20-0782 (CKK)

**MEMORANDUM OPINION**
(December 29, 2022)

  This matter involving alleged police brutality is before the Court on Plaintiff's motion for reconsideration of the Court's March 21, 2022 Order denying Plaintiff leave to amend his complaint. For a host of procedural and substantive reasons, and upon consideration of the pleadings,[1] the relevant legal authorities, and the entire record, the Court shall **DENY** Plaintiff's [30] Motion for Reconsideration.

---

[1] The Court's analysis has focused on the following documents:
- Plaintiff's Motion for Reconsideration of Court's Order Granting Defendants' Motion to Strike the Amended Complaint and Dismiss the Action with Prejudice and Denying Plaintiff's Motion for Leave to File an Amended Complaint *Nunc Pro Tunc*, ECF No. 30 ("Mot.");
- Defendants' Opposition to Plaintiff's motion for Reconsideration, ECF No. 31 ("Opp.");
- Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration, ECF No. 32 ("Repl.");
- Defendants' Supplemental Brief, ECF No. 33 ("Defs.' Supp. Br."); and
- Plaintiff's Supplemental Brief Addressing the Consequences of *Kemp v. United States*, ECF No. 34 ("Pl.'s Supp. Br.").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

I. **BACKGROUND**

Because the Court, in an abundance of caution, proceeds to the merits of Plaintiff's arguments, it restates a more detailed factual background of this matter here.

Plaintiff's original complaint alleged that, on January 18, 2017, an off-duty police officer with the Metropolitan Police Department ("MPD") of Washington, DC reported that the driver of a vehicle ("Suspect") at the intersection of 3rd and U Streets Northwest had fired multiple gunshots in the area. *Woods*, 2020 WL 6392775 at *1. Sometime thereafter, the Suspect picked Plaintiff up in his vehicle and drove Plaintiff to his home. *Id.* Plaintiff was allegedly unaware of the shooting or the Suspect's alleged involvement. *Id.* MPD officers, including (as alleged in the original complaint) Officer Daniel Leo, located the Suspect's car and followed the car to Plaintiff's home. *Id.* at *2. When Plaintiff exited the car, so too did Officer Leo exit his squad car and allegedly "instantly began to fire his service weapon at Plaintiff without uttering a single word," while Plaintiff tried to crawl to safety. *Id.* None of the rounds struck Plaintiff, but he did sustain injuries during the incident. *Id.*

Plaintiff filed a civil action against the District of Columbia and Officer Leo in the District of Columbia Superior Court, alleging two common law tort claims and an excessive force claim under 42 U.S.C. § 1983. ECF No. 1-1. Defendants removed the case to this Court and moved to dismiss the complaint for failure to state a claim or, in the alternative, for partial summary judgment. *Woods*, 2020 WL 6392775 at *2. The Court granted Defendants' motion and dismissed the complaint without prejudice, offering Plaintiff an opportunity to file an amended complaint. *Id.* at *7. Rather than so filing, Plaintiff instead moved, pursuant to Federal Rule of Civil Procedure 60(b), for reconsideration of the Court's order dismissing the complaint without prejudice, attaching a proposed amended complaint. ECF No. 14. The Court denied that

motion because Rule 60(b) provides for reconsideration of only final orders, and dismissal without prejudice is not a final order. Mem. Op. & Order at 1, ECF No. 18 (May 5, 2021) (slip op.). In particular, the Court's Memorandum Opinion & Order mandated that, by May 17, 2021, Plaintiff "must either provide the Court with Defendants' written consent to his proposed amend[ed complaint] or, alternatively, file a motion seeking leave to amend under Rule 15(a). Failure to do so will result in complete dismissal of this action with prejudice." *Id.* at 3.

On May 17, 2021, Plaintiff timely filed a proposed amended complaint, ECF No. 19, but did not file a motion for leave to amend the original complaint. Accordingly, Defendants moved to strike the Amended Complaint and to dismiss the action with prejudice pursuant to the Court's [18] Order. Defs.' Mot. at 1. Plaintiff responded by filing a motion for leave to file an amended complaint *nunc pro tunc*, attaching the [19] Amended Complaint. Pl.'s Mot. at 1.

As to the alleged use of excessive force, the [19] Amended Complaint makes the same factual allegations, but instead claims that an Officer Fred Rosario, as opposed to Officer Leo, fired the shots at Plaintiff. Am. Compl. ¶¶ 13-14. The Amended Complaint also adds a new claim of civil conspiracy, alleging a coverup of the incident by failing to file a "use of force" report that would have memorialized the shooting, and a variety of new defendants against which Plaintiff would assert that claim. *Id.* ¶¶ 20, 42. The Amended Complaint also alleges that, in a press briefing, Interim Police Chief Peter Newsham announced that "police investigators were checking to determine if the officers involved had activated their body camera." *Id.* ¶ 35 (emphasis omitted).

The Court denied Plaintiff leave to file an amended complaint on both procedural and substantive grounds. First, the Court found that Plaintiff did not show the "excusable neglect" necessary to file *nunc pro tunc* pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). *Woods v.*

3

12

*District of Columbia*, Civ. A. No. 20-0782 (CKK), 2022 WL 834144, at *2-3 (D.D.C. Mar. 21, 2022). Second, the Court concluded that neither Plaintiff's proposed civil conspiracy claim nor his excessive force claim related back to his original complaint. *Id.* at *3-4. As such, all claims were time-barred. *See id.* at *4. Relying exclusively on Federal Rules of Civil Procedure 54(b), which applies only to interlocutory orders, Plaintiff challenges each of these conclusions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs only those orders "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties." *See also Parker v. John Moriarty & Assocs.*, 221 F. Supp. 3d 1, 2 (D.D.C. 2016). Rule 60(b), however, applies to final orders. Under that rule, a district court may "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) that the judgment is void; (5) applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. The party seeking relief under Rule 60(b) bears the burden of showing that they are entitled to the relief sought, and the decision to grant such a motion "'is committed to the discretion of the District Court.'" *United States v. Dynamic Visions, Inc.*, 321 F.R.D. 14, 17 (D.D.C. 2017). Motions for reconsideration are generally "disfavored" and granting them are an "unusual measure." *Walsh v. Hagee*, 10 F. Supp. 3d 15, 18 (D.D.C. 2013).

## III. DISCUSSION

As a threshold matter, relief under Rule 54(b) is unavailable because the Court's order denying leave to amend and dismissing the case without prejudice is, to state the obvious, a final order. *Parker v. John Moriarty & Assocs.*, 221 F. Supp. 3d 1, 2 (D.D.C. 2016). The Court would be entitled to stop here, because Plaintiff relies exclusively on Rule 54(b) in the pending Motion.

4

Although Plaintiff might have intended to move under Rules 59(e) or 60(b), which apply to final orders, it is not for the Court to propose arguments for represented parties. *See Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013). Reliance on Rule 59(e) fails, too, because the Motion was filed "later than 28 days after the entry" of the final order at issue. *See Truthout v. Dep't of Just.*, 968 F. Supp. 2d 32, 36 (D.D.C. 2013) (court may not consider untimely Rule 59(e) motion). Only a Rule 60(b) motion would be timely, and, again, Plaintiff did not file a motion relying on Rule 60(b). Nevertheless, for the sake of completeness, the Court will further explain why the Motion fails under Rule 60(b) as well.

As noted above, the Court may grant relief from a final order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In an intervening case, the Supreme Court has overruled the precedent of this Circuit to hold that *any* legal error, including those that are not "obvious" or "manifestly erroneous," may constitute "mistake" for the purposes of Rule 60(b). *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022). *Kemp* appears to hold in place, however, the general rule of this jurisdiction that motions for reconsideration are still "disfavored" and granting them should be "unusual." *Walsh v. Hagee*, 10 F. Supp. 3d 15, 18 (D.D.C. 2013). Regardless, the Court sees no legal error in its last memorandum opinion.

*First*, Plaintiff argues that the Court should have found that Plaintiff's neglect of the deadline to move for leave to file an amended complaint was "excusable" within the meaning of Fed. R. Civ. P. 6(b)(1)(B). To file a motion out of time, a Plaintiff must show "excusable neglect." *Id.* "Four factors guide the Court's determination of when a late filing may constitute 'excusable neglect:' '(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.'"

5

14

*Miley v. Hard Rock Hotel & Casino Punta Cana*, 537 F. Supp. 3d 1, 4 (D.D.C. 2021) (cleaned up) (quoting *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003)). Plaintiff appears to be under the mistaken impression that the Court agreed that Plaintiff satisfied each factor. Not so. Without proceeding to a factor-by-factor analysis, the Court held that sheer inattention to a deadline does not qualify as "excusable neglect" without something more. *Woods*, 2022 WL 834144,

The Court relied mainly on Plaintiff's mistakes because "fault[] is 'perhaps the most important single factor.'" *Jarvis v. Parker*, 13 F. Supp. 3d 74, 78 (D.D.C. 2014) (quoting *Inst. for Policy Studs. V. USCIA*, 246 F.R.D. 380, 383 (D.D.C. 2007)). As the Court explained in its last opinion, counsel for Plaintiff vaguely asserts that "the uncertainty and chaos caused by the ongoing pandemic" caused him to misfile the amended complaint without the motion for leave to file the amended complaint. The fact that Plaintiff made *a* timely filing shows that the "uncertainty and chaos" did not stop him from complying with the deadline. The degree of counsel's inattentiveness is particularly severe, particularly given that "attorneys 'have a professional obligation to be' knowledgeable about 'procedural rules,' which 'are the tools of the trade.'" *See Morrissey v. Mayorkas*, 17 F.4th 1150, 1163 (D.C. Cir. 2021) (quoting *Ctr. for Nuclear Resp., Inc. v. U.S. Nuclear Regul. Comm'n*, 781 F.2d 935, 942 (D.C. Cir. 1986)). Put differently, because "[i]gnorance of the rules does not qualify as excusable neglect," Plaintiff did not carry his burden here. *See id.*

*Second*, Plaintiff insists that his proposed claim of civil conspiracy related back to his initial complaint. As the Court explained, to permit Plaintiff to add this new claim, it must "ar[i]se out of the [same] conduct, transaction, or occurrence set out—or attempted to be set out– –in the original pleading." *Id.* (c)(1)(B). Yet the claim, which is predicated on an alleged,

6

15

subsequent coverup, cannot relate back because it is "new claim based on a different set of facts." *La. Wholesale Drug Co., Inc. v. Biovail Corp.*, 473 F. Supp. 2d 79, 87 (D.D.C. 2006) (internal quotation marks omitted). Indeed, the main case on which Plaintiff relies in his Motion, *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857 (D.C. Cir. 2008) in fact stands for the general proposition that a conspiracy claim predicated in distinct conduct does not relate back to a complaint's earlier tort claims. *Id.* at 866. As such, Plaintiff identifies no legal error meriting reconsideration of the Court's conclusion that Rule 15(c) forecloses a civil-conspiracy claim at this stage of litigation.

*Third*, Plaintiff argues that the Court erred by concluding that Plaintiff's proposed substitute defendant did not have constructive notice of the initial complaint. As the Court explained, to permit a substitute defendant, the plaintiff must demonstrate that the defendant "received such notice of the action that [he] will not be prejudiced in defending on the merits[] and knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Notice may be "actual," i.e., evidence that the putative defendant knew of the suit within the time for service of the original complaint, or "constructive," i.e., evidence that the putative defendant should have known based on his relationship to the present defendant. *See Page v. Pension Ben. Guar. Corp.*, 130 F.R.D. 510, 513 (D.D.C. 1990).

As to actual notice, Plaintiff insists for the first time that the Court should have permitted discovery on the question. Plaintiff misconstrues his burden. To merit amendment, it is Plaintiff's burden to show actual notice, *not* merely to show some possibility of actual notice. *See Jackson v. Starbucks Corp.*, Civ. A. No. 19-1487 (RC), 2021 WL 1317883, at *6 (D.D.C. Apr. 8, 2021). Plaintiff offers no more than speculation. That will not do. *See Frett v. Howard*

7

16

*Univ.*, 24 F. Supp. 3d 76, 85 (D.D.C. 2014) (plaintiff must demonstrate "facts regarding when, where, or how" proposed defendants received actual notice).

As to constructive notice, Plaintiff must show that the new defendant "should have known" about this action during the time of service. Fed. R. Civ. P. 15(c)(1)(C). This may be demonstrated through "identity in interest" or "shared representation." *See Bayatfshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 143 (D.D.C. 2013). The former generally arises in the corporate context, where notice to one defendant is notice to the putative other. *See id.* The other, which the Court found more applicable here, arises where the present and putative defendant share counsel during the time of service. *See e.g.*, *Blaskiewics v. Cty. of Suffolk*, 29 F. Supp. 2d 134 (E.D.N.Y. 1998); *Smith v. City of Philadelphia*, 363 F. Supp. 2d 795, 800 (E.D. Pa. 2005).

Plaintiff argues for the first time that the putative defendant *did* have some "identity in interest" with Officer Leo. Plaintiff identifies *no* authority applying this theory outside of the corporate context, and the Court is unaware of any. *Cf. Newman v. Amazon.com, Inc.*, Civ. A. No. 21-0531 (DLF), 2022 WL 971297, at *9 (D.D.C. Mar. 31, 2022) ("As simply an employee of Amazon at the time, he did not have an 'identity of interest' with the company."). As for "shared representation," the Court concluded that, at a minimum, the putative defendant must have shared legal representation *during the time of service*. *See Smith*, 363 F. Supp. 2d at 800. Plaintiff offers no reason to revisit this holding beyond a block quote to an unpublished case outside of this jurisdiction. Because Officer Rosario left MPD in 2018, Defs.' Mot. at 6, he was not represented by the same counsel at such a time. As such, Plaintiff cannot demonstrate that the putative defendant received any notice, actual or constructive, of this matter during the time of service.

8

## IV. CONCLUSION

In addition to the Motion's procedural infirmities, the Motion offers no reason for the Court to revisit its legal analysis in its March 21, 2022 memorandum opinion. Therefore, the Court **DENIES** Plaintiff's [30] Motion for Reconsideration. An appropriate order accompanies this Memorandum Opinion.

Dated: December 29, 2022

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge